UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
KILTER INDUSTRIES, INC., :
   :
                              Plaintiffs, :    09 Civ. 3490 (RJS)
   :
v. :
   :
AVON PRODUCTS, INC. AND PETER WAXMAN :
   :
                              Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## NOTICE OF CROSS MOTION TO STRIKE
## PORTIONS OF DEFENDANTS' MOTION PAPERS

**PLEASE TAKE NOTICE THAT**, upon the accompanying Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and in Support of Plaintiff's Cross Motion to Strike Portions of Defendants' Motion Papers, Plaintiff Kilter Industries, Inc., through its undersigned attorneys, Cowan, DeBaets, Abrahams & Sheppard LLP, will move this Court before the Honorable Richard J. Sullivan, United States District Judge, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, for an Order striking the following improperly submitted documents and unsubstantiated factual assertions from Defendants Avon Products, Inc. and Peter Waxman's motion papers described below:

### Declaration of Grace W. Kang

The documents attached to the Declaration as Exhibits H, I, J and K thereto.

### Declaration of Laura Quintano

The December 20, 2007 letter from Avon Products, Inc. to Kilter Industries, Inc. attached as Exhibit F thereto.

# Defendants' Memorandum of Law in Support of Motion to Dismiss

1. "What Kilter won was the opportunity – not the promise – to provide creative services for Avon's relaunch of its Wellness Project."  Defendants' Memorandum of Law in Support of Motion to Dismiss, p.1.

2. "…it was Kilter that disengaged from the Wellness Project after Avon decided to work in-house on the 'liiv botanicals' launch, thereby precluding a future working relationship between the two."  *Id.*

3. "Avon is submitting imminently applications for expedited copyright registrations with the U.S. Copyright Office for the works depicted in Exs. 1-3 of Kilter's Complaint."  *Id.*, p.14, n.9

4. "…Plaintiff could not establish a valid quasi-contract claim, first, because the only compensation – consideration – beyond the payments it received, that Kilter knew it could expect for participating in and winning the pitch process was *to be considered* for additional work, *viz*, the opportunity to book an additional period of unspecified business with Avon."  *Id.*, p.20.

5. "In addition, Kilter admits it received monetary 'compensation' for its creative work 'provided' on Avon's 'liiv' campaign."  *Id.*, p.20.

6. "…even a cursory reading of the three works that embody the 'liiv' project ideas shows that these consist only of variants of pre-existing approaches that are or have been commonly used by others."  *Id.*, p.23.

7. "The pitch process was for the 'relaunch of Avon's Wellness brand and the line of products within that brand' and the 'idea' themes of botanics, nature and wellness actually came from Avon and was communicated to 'Kilter and other advertising

agencies' only after Avon contacted them about the re-launch in September 2005." *Id.*, p.23., n.13.

8. "Green and botanical-themed product lines featuring leaf or foliage designs have been and are commonplace within the beauty and cosmetics industry." *Id.*, p.23, n.14.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to Rule 2.E. of the Individual Practices of the Hon. Richard J. Sullivan, oral argument will be on a date and at a time designated by the Court.

Dated: New York, New York
June 16, 2009

                        COWAN, DeBAETS, ABRAHAMS
                        & SHEPPARD, LLP

By: _____
     Toby M.J. Butterfield
     Matthew A. Kaplan
     41 Madison Avenue, 34th Floor
     New York, New York 10010
     (212) 974-7474
     *Attorneys for Plaintiff Kilter Industries, Inc.*

To: Roger L. Zissu, Esq.
     Grace W. Kang, Esq.
     FROSS ZELNICK LEHRMAN & ZISSU, P.C.
     866 United Nations Plaza
     New York, New York 10017

*Attorneys for Defendants Avon Products, Inc. and Peter Waxman*