**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KILTER INDUSTRIES, INC.,

                    Plaintiff,

         v.

AVON PRODUCTS, INC. AND PETER
WAXMAN,

                    Defendants.

**ECF CASE**

09 CIV 3490 (RJS)

**SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF**
**DEFENDANTS AVON PRODUCTS, INC. AND PETER WAXMAN'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
**PURSUANT TO FED R. CIV. P. 12(B)(6)**

*Of Counsel*:

    Roger L. Zissu
    Grace W. Kang

FROSS ZELNICK LEHRMAN & ZISSU,
P.C.
866 United Nations Plaza
New York, New York 10017
(212) 813-5900 (tel)
(212) 813-5901 (fax)

*Attorneys for Defendants Avon Products,*
*Inc. and Peter Waxman*

## TABLE OF CONTENTS

Table of Authorities......................................................................................................................ii

PRELIMINARY STATEMENT.....................................................................................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY .......................................................2

A.    Kilter's Demands for Statutory Damages and Attorneys' Fees ............................................2

B.    Defendants' 12(b)(6) Motion to Dismiss .............................................................................2

C.    Kilter's Recently Issued Copyright Registrations................................................................3

ARGUMENT ................................................................................................................................4

I.    Kilter is Barred from Statutory Damages and Attorneys' Fees Under Well-
      Established Second Circuit Law .........................................................................................4

CONCLUSION.............................................................................................................................6

# TABLE OF AUTHORITIES

## FEDERAL CASES

*C.A. Inc. v. Rocket Software, Inc.*, 579 F.Supp.2d 355 (E.D.N.Y. 2008) .....................................5, 6

*Dilacio v. N.Y. Dist. Council,* 593 F. Supp. 2d 571 (S.D.N.Y. 2008) ................................................3

*EZ-TIXZ, Inc. v. HIT-TIX, Inc.*, 919 F. Supp. 728 (S.D.N.Y. 1996)................................................6

*Harper & Row Publishers, Inc. v. Nation Enters.*, 557 F. Supp. 1067 (S.D.N.Y. 1983) ................6

*The Institute for the Development of Earth Awareness v. People for the Ethical Treatment
      of Animals*, 2009 WL 2850230 (S.D.N.Y. Aug. 28, 2009)................................................3, 5, 6

*LaSalle Bank Nat. Assoc. v. Citicorp Real Estate, Inc.,* 2003 WL 1461483 (S.D.N.Y. Mar.
      21, 2003) ...............................................................................................................................3

*Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150 (2d Cir. 2007) .............................................................5

## FEDERAL STATUTES

17 U.S.C. § 412..............................................................................................................................1, 4, 5

17 U.S.C. § 504..............................................................................................................................1, 2

17 U.S.C. § 505..............................................................................................................................1, 2

## FEDERAL RULES

Fed. R. Civ. P. 12(b)(6) ................................................................................................1, 2, 3, 5, 6

## MISCELLANEOUS

Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT (2008) ........................................4

William F. Patry, PATRY ON COPYRIGHT (2008) .............................................................................5

Defendants Avon Products, Inc. ("Avon") and Peter Waxman (together, the "Defendants") submit this supplemental memorandum of law and the accompanying declaration of Roger L. Zissu ("Zissu Suppl. Decl."), dated November 10, 2009, in connection with the Court's October 27, 2009 order and in further support of their motion to dismiss the Complaint pursuant to Rule 12(b)(6).

## PRELIMINARY STATEMENT

In its opposition to Defendants' motion to dismiss, Plaintiff Kilter Industries, Inc. declined to address Defendants' argument that because the alleged infringement commenced well before the March 26, 2009 effective dates of Kilter's copyright registrations, Kilter could not receive statutory damages and reasonable attorneys' fees under Sections 504(c) and 505 of the U.S. Copyright Act. The law is quite clear that under Section 412, the copyright owner *must* have a copyright registration with an effective date *prior* to the commencement of the alleged infringement. Since completion of briefing on the Rule 12(b)(6) motion, Kilter's counsel purportedly learned of two previously submitted applications and resulting registrations with earlier effective dates of August 21, 2008. However, as shown below, even if these earlier registrations had been properly pleaded in the Complaint, they would have no effect on Defendants' pending Rule 12(b)(6) motion, because both sets of Kilter's registrations presented to the Court as the basis for its claim for statutory damages and attorneys' fees have effective dates *after* the commencement date of Defendants' allegedly infringing conduct. By virtue of this undisputed fact and as pleaded in the Complaint, Kilter is still barred from recovering statutory damages and attorneys' fees as a matter of law. Thus, as set forth in Defendants' opening brief in support of their motion to dismiss and as further explained below, Kilter's claims for statutory damages and attorneys' fees cannot survive dismissal under the Copyright Act and well-established Second Circuit law.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

**A.     Kilter's Demands for Statutory Damages and Attorneys' Fees**

As pleaded in the Complaint, Kilter's claims for statutory damages and attorneys' fees are based upon its copyright infringement claims (Counts I and II of the Complaint) brought under the U.S. Copyright Act, specifically, statutory damages under 17 U.S.C. § 504(c) and attorneys' fees under 17 U.S.C. § 505.  (*See* Complt. ¶¶ 58, 60, 69, 70.)  The Complaint alleges that Kilter owns copyright registrations TXu 1-600-019, TXu 1-600-021 and TXu 1-600-022 for the works, respectively, titled "Liiv Layout Tutorial," "Liiv Brand Book and Style Guidelines" and "Liiv Pitch Presentation Deck," with effective registration dates of March 26, 2009 (*id.* Exs. 8-10)[1], and that Defendants infringed said works by copying the liiv logo in connection with the sale of Avon's liiv botanicals brand.  (*Id.* ¶¶ 49-70.)  The Complaint further alleges that Defendants' infringement began at least as early as November 2007 (*id.* ¶¶ 43-45) and that such infringements have continued since then "[t]o this day." [2]  (*Id.* ¶¶ 48, 55.)

**B.     Defendants' 12(b)(6) Motion to Dismiss**

On May 26, 2009, Defendants moved to dismiss Kilter's Complaint in its entirety, including Kilter's claims for statutory damages and attorneys' fees based upon its copyright infringement claims.  (Dkt. No. 12.)  In their opening brief in support of the Rule 12(b)(6) motion, Defendants set forth the reasons why Kilter's statutory damages and attorneys' fees claims contravened clear Second Circuit and statutory authority.  (*See* Defs.' Mem. in Sup. of Mot. to Dismiss at 24-25.)  Kilter's opposition brief did not address the statutory damages and attorneys' fees arguments at all.  (*See* Pl.'s Mem. in Opp. to Mot. to Dismiss.)  In their reply brief, Defendants pointed out this omission to the Court.  (*See* Defs.' Reply Br. in Further Sup. of

---

[1] For the Court's convenience, copies of Exs. 8-10 to the Complaint are reproduced as Ex. Q to the Zissu Supplemental Declaration submitted herewith.

[2] It is undisputed that Kilter's copyright registrations are for unpublished works as indicated by the "TXu" classification and that the works in question were not published by Kilter at the time Defendants are alleged to have begun infringing them in November 2007.  (*See* Defs' Mem. in Sup. of Mot. to Dismiss at 7 n. 4; Complt. ¶¶ 49-70.)

Mot. to Dismiss at 10 n. 19) ("Kilter has not contested and thereby concedes that its claims for statutory damages and attorneys' fees must be dismissed.")  The Rule 12(b)(6) motion to dismiss was fully briefed on June 26, 2009.

### C.    Kilter's Recently Issued Copyright Registrations

In a letter dated September 1, 2009, Defendants submitted to the Court a then newly issued, post-briefing S.D.N.Y. decision, *The Institute for the Development of Earth Awareness v. People for the Ethical Treatment of Animals*, 2009 WL 2850230 (S.D.N.Y. Aug. 28, 2009), the holding of which supported Defendants' Rule 12(b)(6) motion to dismiss Kilter's statutory damages and attorneys' fees claims.  (Zissu Suppl. Decl. ¶ 4 Ex. R.)

In a response letter to the Court dated September 3, 2009, Kilter attempted to distinguish the *PETA* decision and stated that "Kilter may also rely on additional copyright applications made by its prior counsel last summer, but which the Copyright Office failed to process, despite the passage of more than a year." (*Id.* ¶ 5 Ex. S.)

On October 13, 2009, Kilter sent a letter to the Court stating that the U.S. Copyright Office had issued copyright registrations, TXu 1-615-609 and TXu 1-615-735, with earlier effective registration dates of August 21, 2008 (the "2008 Registrations") for two of the three works previously registered and asserted that the Court should not therefore dismiss any of Kilter's statutory damages claims.[3]  (*Id.* ¶ 6 Ex. T.)  Kilter's letter gave no reason for this assertion and cited no statutory or case law support.  (*Id.*)  Kilter subsequently produced copies of the 2008 Registrations to Defendants.  (*Id.* ¶ 2 Ex. P.)

---

[3] Kilter's October 13, 2009 letter is not part of its Complaint, and it is well-established that a plaintiff cannot amend its Complaint by letters to the Court or in briefs.  *See Dilacio v. N.Y. Dist. Council,* 593 F. Supp. 2d 571, 577 (S.D.N.Y. 2008) ("[A] complaint cannot be amended by briefs of counsel."); *LaSalle Bank Nat. Assoc. v. Citicorp Real Estate, Inc.,* 2003 WL 1461483 at *4 (S.D.N.Y. Mar. 21, 2003) ("[I]t is axiomatic that a party opposing a motion to dismiss cannot amend its complaint through its briefs.")  Kilter's attempts to add new registrations to its Complaint by letter to the Court or in a brief are no more proper than its efforts in opposing a Rule 12(b)(6) motion to introduce unpleaded assertions about the meaning of the parties' operative 2005 written agreement when Kilter chose to omit this agreement from its Complaint.

On October 14, 2009, Defendants sent a response letter to the Court setting forth the legal bases for their contention that Kilter was not entitled to recover statutory damages or attorneys' fees, irrespective of Kilter's copyright registrations with earlier effective dates.  (*Id.* ¶ 7 Ex. U.)  On October 27, 2009, the Court issued an order permitting the parties to submit supplemental briefing on the issue of statutory damages and attorneys' fees.  (*Id.* ¶ 8 Ex. V.)

## ARGUMENT

### I.    KILTER IS BARRED FROM STATUTORY DAMAGES AND ATTORNEYS' FEES UNDER WELL-ESTABLISHED SECOND CIRCUIT LAW

For the reasons set forth in Defendants' opening brief, Kilter is barred by the Copyright Act from recovering statutory damages and attorneys' fees, regardless of Kilter's earlier 2008 Copyright Registrations.[4]

Section 412(1) of the Copyright Act expressly provides that:

> no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for … any infringement of copyright in an unpublished work commenced before the effective date of its registration …

17 U.S.C. § 412(1).[5]

---

[4] Defendants' argument with respect to the unavailability of statutory damages and attorneys' fees by reason of the effective dates of these registrations in relation to the date of the alleged infringement is not meant to give any credence to Kilter's claimed right to have obtained these registrations.  As Defendants have maintained, such registrations are irrelevant and have no effect here, *inter alia*, because Kilter's copyright ownership claim is overcome by the clear and undisputed fact that the parties agreed in writing that all intellectual property "made … for or through Avon" would belong to Avon.  (*See* Defs.' Reply Mem. in Sup. of Mot. to Dismiss at 4; Defs.' Mem. in Sup. of Mot. to Dismiss at 6 *citing* 2 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT, § 10.03[A][2] (2008) ("the essence of the inquiry … is to effectuate the intent of the parties")).  Since these registrations were improperly obtained by Kilter, Avon has now also secured copyright registrations for these works.  (*See* Defs.' Mem. in Sup. of Mot. to Dismiss at 14 n. 9.)

[5] Though not applicable here, the rule is the same for infringements of a published work "before the effective date of its registration, unless such registration is made within three months after the first publication of the work."  17 U.S.C. § 412(2).

In other words, "Section 412 bars recovery of statutory damages and attorney's fees where the infringement commenced before the effective date of the registration." 2 William F. Patry, PATRY ON COPYRIGHT, § 19:14 (2008); *see also id.* § 22:201 ("the operative word in both sections 412(1) and (2) is 'commenced'; statutory damages are barred if infringement *begins* before registration. It matters not whether infringement continues thereafter, or stops and starts again.") (emphasis in the original.)

Kilter's Complaint pleads that Defendants' allegedly infringing conduct commenced at least as early as November 2007 and has continued since then. (Cmplt. ¶¶ 43-45, 48, 55.) It is also undisputed that Kilter's two sets of copyright registrations have effective registration dates of March 26, 2009 and August 21, 2008. (Zissu Suppl. Decl. ¶¶ 2-3 Exs. P and Q.)

Thus, the commencement date of Defendants' allegedly infringing conduct in 2007 precedes the effective dates of both sets of Kilter's copyright registrations *by at least nine months*. As such, Kilter's recently obtained copyright registrations with earlier effective dates of August 21, 2008 cannot, as a matter of law, serve as the basis for an award of statutory damages or attorneys' fees under the Copyright Act. In Kilter's October 13, 2009 letter to the Court, Kilter's counsel seems to mistakenly suggest that the filing of the Complaint is the threshold date rather than the commencement date of the infringement for a copyright owner to be entitled to statutory damages and attorneys' fees. (*See* Zissu Suppl. Decl. Ex. T.)This is contradicted by the plain language of Section 412(1). 17 U.S.C. § 412(1). Moreover, it is always jurisdictionally necessary to have a registration of a work before filing a complaint for copyright infringement of such work, 17 U.S.C. § 411(a), though this is not an issue here.

Nor can Kilter claim that it is entitled to statutory damages and attorneys' fees *after* the commencement of the alleged infringing conduct. It is well-established Second Circuit law that "a plaintiff may not recover statutory damages and attorney's fees for infringement occurring after registration if that infringement is part of an ongoing series of infringing acts and the first act occurred before registration." *PETA*, 2009 WL 2850230, at *3 (*quoting Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150, 158 (2d Cir. 2007)); *see also C.A. Inc. v. Rocket Software, Inc.*, 579

F.Supp.2d 355 (E.D.N.Y. 2008) (statutory damages and attorney fees, as provided under Copyright Act, were precluded where infringement was alleged to have commenced prior to registration and continued after registration, without cessation for any appreciable duration.). The Complaint pleads that Defendants' allegedly infringing conduct was ongoing and continuous and therefore, Kilter's claims post-commencement are also barred.  (Complt. ¶¶ 43-45, 48, 55.)

In sum, Kilter's 2008 Copyright Registrations will have no effect on Defendants' pending Rule 12(b)(6) motion or the arguments made therein, and 12(b)(6) dismissal of Kilter's claims for statutory damages and attorneys' fees is entirely warranted.  *See PETA*, 2009 WL 2850230, at *3 (string cite); *EZ-TIXZ, Inc. v. HIT-TIX, Inc.*, 919 F. Supp. 728, 735-36 (S.D.N.Y. 1996) (12(b)(6) dismissal of plaintiff's claim for statutory damages and attorneys' fees because alleged infringement of unpublished work occurred before registration); *Harper & Row Publishers, Inc. v. Nation Enters.*, 557 F. Supp. 1067, 1073 (S.D.N.Y. 1983) (denying attorneys' fees where the copyrighted work involved an unpublished manuscript), *rev'd on other grounds,* 723 F.2d 195, 201 (2d Cir. 1983).

## CONCLUSION

For all of the foregoing reasons, Defendants' Rule 12(b)(6) motion to dismiss Kilter's Complaint, including Plaintiff's claims for statutory damages and attorneys' fees, should be granted in its entirety.

Respectfully submitted,

Dated: New York, New York
       November 10, 2009

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By: _____
    Roger L. Zissu (rzissu@fzlz.com)
    Grace W. Kang (gkang@fzlz.com)
    866 United Nations Plaza
    New York, New York 10017
    Tel:  (212) 813-5900

*Attorneys for Defendants Avon Products, Inc. and Peter Waxman*

## CERTIFICATE OF SERVICE

The undersigned hereby affirms under penalty of perjury, that on November 10, 2009, the foregoing Supplemental Memorandum in Further Support of Defendants Avon Products, Inc. and Peter Waxman's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and Supplemental Declaration of Roger L. Zissu in Support of Defendants' Motion to Dismiss were served via ECF upon Plaintiff's counsel of record:

Toby M.J. Butterfield, Esq.
Matthew A. Kaplan, Esq.
Cowan DeBaets Abrahams & Sheppard LLP
41 Madison Avenue
New York, NY 10010
(212) 974-7474 (tel)
tbutterfield@cdas.com
mkaplan@cdas.com

*Attorneys for Plaintiff Kilter*
*Industries, Inc.*

Grace W. Kang