# MEMO ENDORSED

# FROSS ZELNICK LEHRMAN & ZISSU, P.C.

Michael Chiappetta
212.813.5963
mc@fzlz.com

November 22, 2010

**BY EMAIL**

The Honorable Richard J. Sullivan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 640
New York, New York 10007
sullivannysdchambers@nysd.uscourts.gov

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/23/10
```

Re: *Kilter Industries, Inc. v. Avon Products, Inc., et al.* - Case No. 09-cv-3490
(RJS)(MHD) (Out Ref. AVO USA TC 0701831)

Dear Judge Sullivan:

The undersigned counsel for the parties together request a modification of the current schedule in the above-captioned case to allow additional time for the parties to conduct and complete expert discovery. Although the parties requested modification of the schedule once before in the case, the parties have not requested nor has there been any change in the schedule since the resumption of discovery following the Court's August 20, 2010 denial of defendants' motion for dismissal (except for defendants' request for a one-week extension of their discovery response deadline within the existing schedule). The requested change will only affect expert discovery, leaving in place the January 15, 2011 cutoff of fact discovery.

Background

With defendants' motion to dismiss Kilter's First Amended Complaint pending, the Court suspended all discovery in the case on March 16, 2010 (Docket No. 48). At that time, the parties had completed the bulk of their document productions. However, the parties had substantial written discovery outstanding, including interrogatories, document requests and requests for admission. Also, defendants had noticed depositions of Kilter and two of its officers and Kilter had served two third-party subpoenas. In view of the discovery suspension, written discovery response deadlines and the depositions were all postponed.

Following the Court's August 20, 2010 decision denying defendants' motion to dismiss, the Court ordered the parties to report on the time needed to complete resumed discovery and whether they would seek a settlement conference before Your Honor or Magistrate Dolinger. The parties submitted a proposed schedule, which was so ordered by the Court on September 1, 2010 (Docket No. 54) (the "Scheduling Order"), setting the close of both fact and expert

{F0714429.1 }

866 United Nations Plaza at First Avenue & 48th Street | New York, New York 10017
Phone 212.813.5900 | Fax 212.813.5901 | www.frosszelnick.com

The Honorable Richard J. Sullivan
November 22, 2010
Page 2

discovery as January 15, 2011 (a Saturday). The Court also scheduled a post-discovery conference for February 3, 2011.

Reasons for Extension Request

For the various reasons set forth below, the parties respectfully request that the Court modify the Scheduling Order by extending the discovery period with regards to expert reports and expert depositions.

First, since discovery resumed, the parties have diligently moved the case forward and the matter has proceeded at a solid pace. Defendants filed their Answer and Counterclaim and Kilter has filed its response to the Counterclaim; the parties have served responses to the written discovery that was outstanding at the time of the suspension; the parties have exchanged deficiency letters with respect to their respective discovery responses and document productions; defendants have supplemented their extensive 67,000 page document production with an additional 8000+ pages; and the parties spent considerable time addressing their discovery disputes, most of which have been resolved.

Second, the parties have each served additional written discovery, the responses to which are due in the coming weeks. Also, there is still extant a dispute concerning alleged deficiencies in Kilter's document production. Kilter has still to respond to defendants' deficiency letter dated October 27, 2010 requesting additional documents, which Kilter intends to provide imminently. We are hopeful that this issue, too, will be amicably resolved. Kilter similarly intends on raising additional discovery deficiencies in defendants' document production, which it, as well, hopes will be amicably resolved.

Third, the parties are in the process of scheduling a settlement conference before Judge Dolinger on December 22, 2010.

Fourth, with respect to the depositions that had been noticed before the discovery suspension, defendants sought to schedule the deposition of Kilter for November 16, 2010, but Kilter responded that in light of the additional 8,000+ pages produced by Avon during the last week of October, it would not be available until December 9, 2010, which is the date now scheduled for Kilter's deposition. Kilter noticed the depositions of Peter Waxman and Avon for December 16 and 17, 2010. Defendants have confirmed the deposition of defendant Peter Waxman for December 16, 2010, and they are working to determine a date for Avon's deposition. Kilter has not yet rescheduled the depositions of the third parties on whom it served subpoenas before the discovery suspension, and has not yet determined whether it intends to pursue these depositions. Avon intends to serve subpoenas on these and other third parties in any event.

Fifth, with respect to trial experts, neither party has yet identified any trial expert or served the required written report under Rule 26(a)(2). Defendants will need at least until they complete their scheduled depositions of Kilter and its CEO for December 9-10, and perhaps other depositions, to determine whether they need to engage one or more trial experts. It will then take

The Honorable Richard J. Sullivan
November 22, 2010
Page 3

time for such an expert to prepare a report (during the holiday period). If such an expert is designated, Rule 26(a)(1)(C)(ii) affords Kilter 30 days to designate a rebuttal expert which itself will go beyond January 15, 2011, and defendants will also need time to depose any such rebuttal expert. Similarly, Kilter likely would not be able to designate any expert witnesses and serve expert reports until after the December 16 deposition of Peter Waxman and the unscheduled deposition of Avon. With a January 15, 2010 close of fact / expert discovery, this would afford defendants less than thirty days (during the holiday season) to depose Kilter's expert and to designate a rebuttal expert (perhaps considerably less than 30 days if Kilter does not designate its expert until a week or so after the depositions).

Extension Request

In view of the above, the parties consider that they need and respectfully request the following modified schedule (which extends the expert discovery deadline by just over two months) to properly complete expert discovery before considering summary judgment motions (to be discussed at the post-discovery conference) and to prepare for trial:

| | |
|---|---|
| January 15, 2011 | Close of Fact Discovery / Deadline for Submission of Expert Reports |
| February 23, 2011 | Deadline for Submission of Rebuttal Reports |
| March 23, 2011 | Close of Expert Discovery |

Post-Discovery Conference to be scheduled by the Court after the close of expert discovery.

Respectfully yours,

Michael Chiappetta
*Counsel for Defendants*

Submitted with the consent of:

Matthew A. Kaplan
*Counsel for Plaintiff*

The Court adopts the proposed modifications. The post-discovery conference shall now take place on April 14, 2011 at 9:15 a.m. Pre-motion letters shall be submitted by March 28, 2011, with responses due by March 31, 2011.

cc:  Roger L. Zissu, Esq.
     Matthew A. Kaplan (counsel for plaintiff) (by e-mail)
     Toby M. J. Butterfield, Esq. (counsel for plaintiff) (by e-mail)

SO ORDERED
Dated: 11/22/10
RICHARD J. SULLIVAN
U.S.D.J.